GONZÁLEZ, PLAINTIFF AND APPELLEE, *v.* COLLAZO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in a Proceeding for the Approval of a Memorandum of Costs in an Action for Damages.

No. 1599.—Decided April 17, 1917.

COSTS—OBJECTION TO COSTS—ANSWER.—Section 339 of the Code of Civil Procedure does not require that objections to a memorandum of costs shall be

answered within the five days fixed by the said section, but clearly provides that in case of objection the "adverse party may file his reply" thereto; therefore the right may be exercised or not, and failure to exercise the same will not prejudice the party making the objection.

ID.—ATTORNEY FEES—EVIDENCE.—Our statute does not imperatively require that the party entitled to costs, disbursements and attorney fees is always bound to produce evidence on all and each of the items in the memorandum when there is objection, for such evidence ordinarily will be found in the trial of the action in which the costs originated, and the judge will have it before him for consideration in deciding the question, the examination of such evidence being rarely necessary.

ID.—VERIFICATION—PRESUMPTION.—The memorandum of costs has in its favor the guaranty of the accompanying verification and the presumption that it conforms to the facts; and when the lower court holds that it is correct, its finding cannot be disturbed unless shown to be erroneous.

ID.—ATTORNEY FEES—OBJECTION—EVIDENCE—DISCRETION OF COURT.—The burden of proof is on the party claiming that an item for attorney fees in a verified memorandum of costs is undue and excessive, for the mere inclusion of a sum for attorney fees shows *prima facie* that they were due; and it cannot be held on appeal that it is excessive, in opposition to the finding of the lower court, unless an abuse of discretion be shown.

The facts are stated in the opinion.

*Messrs. Francis & Soto* for the appellant.

*Messrs. Reichard & Reichard* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

José Francisco Segarra brought an action for $780 as damages against José Collazo Bracero in the District Court of Aguadilla and on October 14, 1916, judgment was rendered for the plaintiff for the amount claimed, with legal interest from the date of the filing of the complaint, together with costs, disbursements and attorney fees.

Plaintiff's attorney filed a memorandum of costs and disbursements made up as follows: Clerk's fees, $10; witnesses' fees, $15; certificates of registry ($2.20) and court ($3.00), $5.20; attorney fee, $125. Total $155.20. At the foot of the said memorandum the attorney stated under oath that the items contained therein were correct and the disbursements were necessary.

The attorney for the defendant objected to the memorandum, alleging that the attorney fee of $125 was not only not

recoverable but was excessive, and that the other costs and disbursements had not been incurred by the plaintiff, or if so, they were unnecessary and extraneous to the action.

Both parties appeared at the hearing by their respective attorneys and argued in support of their respective claims, and on November 15, 1916, the court overruled the objection and approved the memorandum of costs in all its parts. From that ruling the attorney for the defendant appealed to this court.

As grounds for the appeal the appellant alleges that the court erred in entering the order appealed from, (1) because the plaintiff did not answer the objection within five days after it was filed, as he was required to do by section 339 of the Code of Civil Procedure as amended by the Act of March 12, 1908; (2) because the plaintiff should have submitted evidence to prove the items of the memorandum for fees of witnesses and certificates; (3) because the plaintiff did not allege and prove that the amount claimed as attorney fees was due, as required by the English text of section 327 of the Code of Civil Procedure, as amended by the said act, providing that in all cases where costs have been allowed to one party in an action or proceeding, if the subject-matter exceeds $500, said party shall be entitled to receive from the defeated party the amount of fees due to the attorney for the other party.

Section 339 of the Code of Civil Procedure does not require that the objection to the memorandum of costs shall be answered within the five days fixed by the said section, but clearly provides that in case of objection the adverse party may answer it, or as the English text reads, "the adverse party may file his reply," and therefore, being a right, it may be exercised or not; and failure to exercise it would never prejudice the party making the objection.

So far as concerns the items for fees of witnesses and certificates, proof of the correctness of which, according to the appellant, must be submitted by the appellee, we have already established the doctrine in the case of *Torres* v. *Irri-*

*zarry*, 19 P. R. R. 341, and ratified the same in the cases of *Succession of Collazo* v. *Pérez et al.*, 19 P. R. R. 348, and *Josefina Finlay* v. *Rafael Fabián, ante,* p. 48, that our statute does not require imperatively that the party entitled to collect costs, disbursements and attorney fees is always bound to introduce evidence upon each and all of the items of the memorandum when objection is made thereto; that such evidence is ordinarily found in the trial of the case in which the costs originated; that the judge will have it in view and pass upon it in deciding the question of costs and very often it will not be necessary to repeat it.

The court of Aguadilla, which tried the case in which the memorandum of costs originated, was in a position to know the number of witnesses who testified at the trial and the number of certificates, whether of the registry or of the court, which were exhibited. Besides, the memorandum has in its favor the guaranty of the oath which accompanies it and the presumption that it is a true statement of the facts. The lower court found that the memorandum of costs was correct and we cannot interfere with its finding because we have not been shown wherein such finding is erroneous.

As regards the item of attorney's fee, which is objected to on the ground that it is undue and excessive, the burden is on the party objecting to show that such fee was not due, inasmuch as the attorney for the adverse party swore that the items of the memorandum were correct and the mere inclusion of the item of $125 for attorney's fee in the memorandum of costs shows *prima facie* that it was due. We cannot hold that it was excessive as against the finding of the Aguadilla court, for it was allowed by that court in the exercise of its discretion, which has not been shown to have been abused.

For the foregoing reasons the order appealed from must be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.